App. Div. 323, 61 N. Y. Supp. 1052, affirmed 168 N. Y. 681, 61 N. E. 1151; Ziegler v. Trenkman, 31 App. Div. 305, 52 N. Y. Supp. 613; Purdy v. The Manhattan Ry. Co. et al., 11 Misc. Rep. 394, 32 N. Y. Supp. 275. A sufficient cause for the delay in moving to amend as to the amount of damages is not shown to justify a delay of the trial by a formal motion at Special Term for that relief (Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106), but, since the plaintiff was obliged to amend in other respects to prevent the dismissal of her complaint, the amendment as to the amount of damages has not delayed the trial.

We are therefore of opinion that the order should be reversed, and motion granted, upon payment of $10 costs of the motion and all taxable costs of the action to date, except the trial fee, less $10 costs and disbursements of the appeal, which are awarded to plaintiff; the case to take its place upon the trial calendar according to the old date of issue. All concur.

STRAUS et al. v. AMERICAN PUB. ASS'N et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. INJUNCTION—GROUNDS—TEMPORARY INJUNCTION.

Where it appeared that defendant publishing association had entered into a combination to prevent plaintiffs from purchasing books, except upon such terms as were imposed by defendant, and, to carry out this object, had established a· system of espionage upon plaintiffs' business, causing plaintiffs' manager to be followed by detectives, and making publication that any book dealer selling books to plaintiffs would not be allowed to purchase books from any member of defendant publishing association, or from any dealer to whom it supplied books, defendant's combination having been previously held, on demurrer to a complaint filed by plaintiffs, in violation of law, and serious injury to plaintiffs being shown, a temporary injunction should be granted, before final judgment in the action, prohibiting defendant from carrying out the illegal combination.

Van Brunt, P. J., dissenting.

Appeal from Trial Term.

Action by Isidor Straus and others against the American Publishers' Association and others. From an order denying a motion for a temporary injunction, plaintiffs appeal. Reversed.

See 83 N. Y. Supp. 271.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John G. Carlisle and Edmond E. Wise, for appellants.

Stephen H. Olin, for respondents American Publishers' Ass'n and others.

Thaddeus D. Kenneson, for respondents Walcot and others.

INGRAHAM, J. This appeal, which was submitted in the April term of 1903, was held pending the decision of the Court of Appeals on an appeal from a judgment of this court overruling a demurrer to the complaint. Upon that appeal the Court of Appeals has held that the complaint states facts sufficient to constitute a cause of action, and

the question whether, under the circumstances, there should be a temporary injunction before final judgment, is now presented. The opinion of the Court of Appeals, not yet officially reported, appears in 69 N. E. 1107, and the New York Law Journal of Friday, March 4, 1904. The demurrer was overruled upon the ground that the agreement under which the defendants are acting is a combination in violation of section 1 of chapter 690, p. 1514, Laws 1899.

In answer to an allegation in the affidavit upon which the motion is made that the American Publishers' Association, through its manager, established a, system of espionage upon the manager of the book department of the plaintiffs' business, and caused her to be followed and shadowed by detectives, both at her home and at the plaintiffs' place of business, and that employés of the plaintiffs were bribed to give information concerning the sources of plaintiffs' supply, the president of the association stated, without denying this allegation, that:

"Any steps taken by the Publishers' Association to watch transactions in the plaintiffs' store have been wholly for the purpose of detecting these false and fraudulent purchases on behalf of the plaintiffs and their agents, and to enable the different members of the Publishers' Association to enforce the contract made by them with the purchasers of copyright books that such copyright books shall be sold to the public only at the net prices affixed to them."

And the manager of the Publishers' Association, while not denying this allegation of the manager of the plaintiffs' departments, states:

"As none of the members of the association sell their copyrighted books to the plaintiffs, it is certain, when the plaintiffs advertised such books for sale, that they have obtained them either by false representations, or by a breach of contract with some of the persons who have bought them from the publishers. In either case the publishers have the right to ascertain how the plaintiffs have obtained the books."

The defendant the American Publishers' Association is a corporation organized under the laws of this state. It has entered into a combination to prevent the plaintiffs from purchasing books with which they can carry on their business, except upon such terms as are imposed by the corporation. To carry out this object, it has established a system of espionage upon the plaintiffs' business, causing the plaintiffs' manager to be followed by detectives, and publishing to the world that any book dealer who sells any books to the plaintiffs will not be allowed to purchase any books from any member of the Publishers' Association, or from any dealer to whom the members of the Publishers' Association have supplied books; and the combination having been declared to be a violation of law, and it appearing that those acting in pursuance of this combination have caused serious injury to the plaintiffs, it would seem to follow that the defendants should be prohibited from carrying out the illegal combination. We accept the statement of the defendants that they believed the combination which they adopted was legal and did not violate the statute, and that they acted under the advice of counsel and in entire good faith; but, the highest court of the state having declared the agreement to be an illegal combination, further proceeding under it should be restrained.

It follows that the order appealed from is reversed, with $10 costs and disbursements, and the temporary injunction granted.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.